IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL R. BROWN                                             PLAINTIFF

        v.                          CIVIL NO. 16-5133

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                              DEFENDANT

## MEMORANDUM OPINION AND JUDGMENT

Plaintiff, Michael Brown, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and

XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether

there is substantial evidence in the administrative record to support the Commissioner's

decision. See 42 U.S.C. § 405(g).

Plaintiff filed his application for DIB and protectively filed his application for SSI on

September 23, 2013. Plaintiff alleged an inability to work since March 1, 2013, due to heart

disease, shortness of breath, high blood pressure, and back pain. (Tr. 216.) An administrative

hearing was held on December 10, 2014, at which Plaintiff, Plaintiff's sister, and a vocational

expert testified. (Tr. 29-56.)

By written decision dated February 12, 2015, the ALJ found that during the relevant

time period, Plaintiff had an impairment or combination of impairments that were severe.

Specifically, the ALJ found Plaintiff had the following severe impairments: hypertension,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

coronary artery disease, restrictive airways disease, osteoarthritis of his left knee and chronic low back pain. (Tr. 14.) However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work in a controlled environment where he is not exposed to dust, smoke, fumes in concentrated amounts, or temperature extremes. (Tr. 17.) With the help of a vocational expert, the ALJ determined that Plaintiff could not perform his past relevant work, but could perform other jobs that existed in significant numbers in the national economy, such as a merchandise marker, labeler, marker II, and power screwdriver operator. (Tr. 22.)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 5, 2016. (Tr. 1-3.) Subsequently, Plaintiff filed this action. (Doc. 1.) This case is before the undersigned pursuant to the consent of the parties. (Doc. 7.) Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12.)

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 11th day of September, 2017.

/s/ Erin L. Wiedemann
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

3